**MACDONALD | FERNANDEZ LLP**
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
914 Thirteenth Street
Modesto, CA 95354
Telephone: (209) 521-8100
Facsimile: (209) 236-0172

Attorneys for Debtor in Possession,
JEFFERY EDWARD ARAMBEL

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 18-90029-E-11 |
| JEFFERY EDWARD ARAMBEL, | Chapter 11 |
| Debtor. | Docket Control No. MF-9 |
| | Date: April 19, 2018<br>Time: 10:30 a.m.<br>Place: Courtroom 33<br>501 I Street, 6th Floor<br>Sacramento, California<br><br>Hon. Ronald H. Sargis |

**NOTICE OF HEARING ON
DEBTOR IN POSSESSION'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY
FREE AND CLEAR OF LIENS (HOME RANCH)**

NOTICE IS HEREBY GIVEN that on February 28, 2018, JEFFERY EDWARD ARAMBEL, Debtor in Possession herein, ("Debtor") filed his motion for entry of an order approving the sale of that certain real property known as "Home Ranch," comprising approximately 180.81 acres of apricot and peach orchards on Needham Road near Stark Road west of Westley, California (APNs 021-013-025; 021-013-026; 021-013-027; and 021-013-028) (the "Property"), excluding a certain 3,200 square-foot home and shop built upon the land and the approximately one acre surrounding it, to Skip Foppiano, an individual residing in California, or his assignee, for the gross price of $3,700,000.00, free and clear of liens and other interests pursuant to 11 U.S.C. § 363(b) and (f). Copies of the Application and its supporting pleadings may be obtained by contacting the undersigned, the Clerk of Court, or accessing the Court's ECF system at https://ecf.caeb.uscourts.gov.

**SUMMARY OF RELIEF SOUGHT**

The proposed sale is subject to the concurrent sale of the Howard Ranch, as described in the accompanying Motion for Authority to Sell Real Property Free and Clear of Liens (Howard Ranch) for the gross price of $1,700,000.00. Home Ranch and Howard Ranch are collateral for the same claims except for real property taxes. The sum of the gross prices of the proposed sales is $5,400,000.00. $100,000.00 of the combined purchase prices is comprised of two $50,000.00

deposits Mr. Foppiano paid in connection with the potential sale of certain other real properties, namely the "Kellner Ranch" and the "Newman Ranch." The parties dispute whether said deposits are refundable.

### Estimated Claims

The Property secures the following estimated claims:

| Priority | Claim Holder | Estimated Claim |
|---|---|---|
| Tax | Stanislaus County Tax Collector | $42,640.45 |
| 1st | Mid Valley Services, Inc. | $861,264.44 |
| 2nd | Mid Valley Services, Inc. | $3,296,408.33 |
| 3rd | Summit | $5,378,229.00 |
| 4th | EDD | $20,251.85 |

### Estimated Proceeds; Sale Free & Clear of Liens

The two sales are sufficient to pay Stanislaus County Tax Collector and Mid Valley Services' claims in full, as follows:

| | |
|---|---|
| Aggregate Gross Proceeds | $5,400,000.00 |
| | |
| Secured Claims | |
|     Stanislaus County Tax Collector (Both Ranches) | $79,365.02 |
|     Mid Valley Services, Inc. (1st DOT) | $861,264.44 |
|     Mid Valley Services, Inc. (2nd DOT) | $3,296,408.33 |
| Commissions (Both Sales) | $216,000.00 |
| Est. Closing Costs (Both Sales) | $108,000.00 |
| Total Claims | $4,561,037.79 |
| | |
| Balance | $838,962.21 |

The Motion proposes to pay the secured claims of Stanislaus County Tax Collector and Mid Valley Services, Inc. in full but to reserve net proceeds while disputes regarding Summit and the Employment Development Department's security interests are resolved. Specifically, Summit contends that the Property is collateral for the Debtor in Possession's guarantee of the indebtedness of JEA2, LLC, an entity owned by the Debtor in Possession. Under the circumstances described in the motion, Summit's liens will be extinguished by virtue of the doctrine of marshalling, equitable subordination, and counterclaims for usury. The Employment Development Department recorded its lien after the petition for relief was filed in this case in derogation of 11 U.S.C. § 362(a)(4). Accordingly, Summit and the Employment Development Department's liens are subject to *bona fide* dispute, and the Property may be sold free and clear of their liens. 11 U.SC. § 363(f)(4).

### Commissions, Taxes and Closing Costs

Debtor in Possession also seeks authority to pay a broker's commission to Pearson Realty of 4% of the gross purchase price. An application to approve Pearson Realty's employment will be filed shortly. In addition, the Debtor in Possession estimates that there will be escrow fees, recording fees, transfer taxes and other closing costs will not exceed 2% of the gross purchase price.

### Summary of PSA

The following is a summary of the material terms of the PSA:

a.      Mr. Foppiano, or his assignee, will purchase the Property for the gross of price of

$3,700,000.00, all cash.

   b.     The Property is to be sold upon an "as is," "where is" and "with all faults" basis.

   c.     The due diligence period has elapsed, and the sale is free of contingencies.

   d.     A deposit of $2,000.00 was paid to escrow.

   e.     The date set for close of escrow is April 25, 2018, subject to extension by agreement of the parties.

   f.     The assets to be sold include any crop grown in 2018 and its proceeds; the Debtor in Possession expects that there will be none or only a nominal crop.

   g.     Upon closing of both sales, the aforesaid deposits totaling $100,000.00 for potential sales of the Kellner Ranch and Newman Ranch will be released by way of cancelling the underlying escrows, whereupon the deposits will be used to pay the purchase price hereunder, as follows: $50,000.00 to this sale; and $50,000.00 to the Howard Ranch sale.

   h.     Real property taxes and special assessments; amounts payable under agreements encumbering the Property; and annual permit or inspection fees shall be pro-rated.  The parties shall each pay one-half of the total cost of the owner's title insurance policy, transfer taxes, closing fees charged by the title company, and any escrow fees.  Debtor in Possession shall pay for a natural hazards zone disclosure report, the releases of any mortgage or other encumbrance, and a broker's commission to Pearson Reality of 4% of the gross purchase price.  Mr. Foppiano shall pay the costs for any title insurance required by his lenders, if any.  Each party shall pay its own legal fees, accounting, and other professional fees.

   The foregoing summary is provided for the convenience of the Court and parties in interest, and the terms of the PSA shall control in the event of any discrepancy.

### *Good-Faith Finding*

   This Motion also requests a determination that Mr. Foppiano is a good-faith buyer and is entitled to the protections of Bankruptcy Code § 363(m).  Debtor in Possession intends to offer a declaration from Mr. Foppiano to support such a finding.

### *Waiver of Stay of Enforcement*

   Debtor in Possession requests that the provisions of Rule 62(a) of the Federal Rules of Civil Procedure and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure that would otherwise stay the order approving the sale be waived under the circumstances.

### *Tax Impacts*

   Debtor in Possession does not anticipate any significant tax impacts from the proposed sale because of the substantial net operating loss carryovers he has accrued from prior tax years.

## PROPOSED BIDDING AND SALE PROCEDURES

   The Debtor in Possession requests approval of the following bidding and sale procedures:

   a.     The sale and opportunity for overbid shall be conducted on April 19, 2018, at 10:30 a.m., at 501 "I" Street, 6th Floor, Courtroom 33, in Sacramento, California, or as soon thereafter as the Court may order.

b.      The auction shall be consolidated with the auction for the Howard Ranch, with parties submitting joint bids for both properties.

c.      A Bidder shall qualify by presenting the Debtor in Possession with proof that the bidder presently has liquid resources necessary to pay the gross sale price of both properties ($5,400,000.00) plus the minimum initial overbid. Only qualified bidders may bid.

d.      Bids must be made in person and will not be accepted by telephone, facsimile or email.

e.      The minimum initial overbid shall be $5,500,000.00 (approximately 102% of the purchase price). Thereafter, bids shall be made in minimum increments of $50,000.00.

f.      Bids shall be made on terms equivalent to or better than the terms provided in the PSAs for the two sales, including terms with respect to due diligence, inspections, contingencies and time for closing.

g.      Bids shall be all cash and free of contingencies.

h.      The highest and best combined bid shall be reduced to a written agreement acceptable to the Debtor in Possession on or before April 20, 2018, subject to extension only by express written agreement of the Debtor in Possession.

i.      In the event that there are overbids and Mr. Foppiano is not the successful bidder, the Deposit shall be refunded to him within five (5) business days of the hearing hereon. The successful bidder shall deposit $4,000.00 to escrow immediately.

\* \* \*

NOTICE IS FURTHER GIVEN that a hearing to consider the Motion will be held on April 19, 2018, at 10:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Ronald H. Sargis, Chief United States Bankruptcy Judge, at Robert T. Matsui United States Courthouse, 501 I Street, 6th Floor, Courtroom 33, Sacramento, California.

NOTICE IS FURTHER GIVEN that opposition, if any, to the Motion may be offered at the hearing; no written opposition to the motion is required. *See* L.B.R. 9014-1(f)(2).

NOTICE IS FURTHER GIVEN that parties may determine if this matter has been resolved without oral argument or whether the Court has issued a tentative ruling, and may view pre-hearing dispositions, by checking the Court's website at www.caeb.uscourts.gov after 4:00 p.m. the day before the hearing. Parties appearing telephonically must view the pre-hearing dispositions prior to the hearing.

DATED: March 29, 2018            MACDONALD FERNANDEZ LLP

By: /s/ *Matthew J. Olson*
                Matthew J. Olson,
                Attorneys for Debtor in Possession,
                JEFFERY EDWARD ARAMBEL