UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

**Case Title:** Jeffery Edward Arambel

**Case No.:** 18-90029 - E - 11
**Docket Control No.** MF-9
**Date:** 04/19/2018
**Time:** 10:30 AM

**Matter:** [172] - Motion to Sell Free and Clear of Liens [MF-9] Filed by Debtor Jeffery Edward Arambel (Fee Paid $181) (eFilingID: 6250405) (lbef)

**Judge: Ronald H. Sargis**
**Courtroom Deputy: Janet Larson**
**Reporter: Diamond Reporters**
**Department: E**

**APPEARANCES for:**
**Movant(s):**
Debtor's Attorney - Matthew J. Olson
**Respondent(s):**
(by phone) Creditor's Attorney - Michael St. James; (by phone) Creditor's Attorney - Thomas G. Mouzes; (by phone) Creditor's Attorney - David R. Jenkins; (by phone) Creditor's Attorney - Brandy A. Sargent; Creditor's Attorney - Christopher O Rivas; (by phone) Creditor's Attorney - Jay A. Christofferson; (by phone) Creditor's Attorney - Steven S. Altman

**CIVIL MINUTES**

Motion Granted

See Findings of fact and conclusions of law below

Local Rule 9014-1(f)(2) Motion—Hearing Required.

Sufficient Notice Provided.  The Proof of Service states that the Motion and supporting pleadings were served on Debtor in Possession, Debtor in Possession's Attorney, creditors holding the twenty largest unsecured claims, creditors, parties requesting special notice, and Office of the United States Trustee on March 29, 2018.  By the court's calculation, 21  days' notice was provided.  21  days' notice is required. Fed. R. Bankr. P. 2002(a)(2) (requiring twenty-one days' notice).

The Motion to Sell Property was properly set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(2). Creditors, the U.S. Trustee, and any other parties in interest were not required to file a written response or opposition to the motion. If any of these potential respondents appear at the hearing and offer opposition to the motion, the court will set a briefing schedule and a final hearing, unless there is no need to develop the record further. If no opposition is offered at the hearing, the court will take up the merits of the motion. At the hearing, ---------------------------------.

**The Motion to Sell Property is granted.**

The Bankruptcy Code permits Jeffery Arambel, Debtor in Possession, ("Movant") to sell property of the estate after a noticed hearing. 11 U.S.C. § 363. Here, Movant proposes to sell the real property commonly known as Home Ranch, comprising approximately 180.81 acres of apricot and peach orchards on Needham Road near Stark Road west of Westley, California (APNs 021-013-025; 021-013-026; 021-013-027, and 021-013-028), excluding a 3,200 square foot home and shop built upon the land along with the approximate one acre surrounding the home and shop ("Property").

The proposed purchaser of the Property is Skip Foppiano, and the terms of the sale are:

A. Purchase price of $3,700,000.00;

B. Property sold "as is," "where is," and "with all faults;"

C. Deposit of $2,000.00 paid into escrow;

D. Close of escrow set for April 25, 2018, subject to extension by the parties;

E. The proposed sale is concurrent with and subject to a proposed sale of "Howard Ranch" for $1,700,000.00;

F. Mr. Foppiano has made two $50,000.00 deposits in connection with potential pre-petition sale of two other properties identified as "Kellner Ranch" and "Newman Ranch," and the parties dispute whether those deposits are refundable;

G. Sale free and clear of the liens of SBN V Ag I LLC ("Summit") and Employment Development Department ("EDD");

H. A 4% broker's commission to Pearson Realty;

I. Escrow fees, recording fees, transfer taxes, and other closing costs not to exceed 2% of the gross purchase price;

J. Assets to be sold include any crop grown in 2018 and its proceeds, which Debtor in Possession expects to be none or one nominal crop; and

K. Upon closing the sales for Howard Ranch and Home Ranch, deposits of $100,000.00 for potential sales of Kellner Ranch and Newman Ranch will be released by way of

cancelling the underlying escrows, whereupon the deposits will be used to pay the purchase price for these proposed sales—$50,000.00 to the purchase of Home Ranch and $50,000.00 to the purchase of Howard Ranch.

The Motion seeks to sell the Property free and clear of the lien of Summit and EDD. The Bankruptcy Code provides for the sale of estate property free and clear of liens in the following specified circumstances,

"(f) The trustee [or debtor in possession] may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if–

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11 U.S.C. § 363(f)(1)–(5).

For this Motion, Movant asserts that both Summit's and EDD's liens are subject to a bona fide dispute. For Summit's lien, Movant argues that (1) it arises from a guarantee of obligations to JEA2, LLC, that may be attached to that company's assets (Cal. Civ. Code §§ 2899, 3433), (2) it is subject to equitable subordination under 11 U.S.C. § 510(c) because Summit created JEA2, LLC, to place assets beyond creditors' reach, and (3) it may not be covered by an exception to usury law because Summit is not licensed with the California Department of Business Oversight. For EDD's lien, Movant argues that the lien was filed post-petition and is void for violating the automatic stay (11 U.S.C. § 362(a)(4)).

**DISCUSSION**

At the time of the hearing, the court announced the proposed sale and requested that all other persons interested in submitting overbids present them in open court. At the hearing, the following overbids were presented in open court: No other offers were presented at the hearing.

Based on the evidence before the court, the court determines that the proposed sale is in the best interest of the Estate because the sale proceeds are sufficient to pay all claims that are not subject to a dispute while generating more than $800,000 in net proceeds.

Movant disclosed that a four percent broker's commission is part of the sale. The court calculates that four percent of the sales price totals $148,000.00 As part of the sale in the best interest of the Estate, the court permits Movant to pay the broker a four percent commission.

**Request for Waiver of Fourteen-Day Stay of Enforcement**

Federal Rule of Bankruptcy Procedure 6004(h) stays an order granting a motion to sell for fourteen days after the order is entered, unless the court orders otherwise. Movant requests that the court grant relief from the Rule as adopted by the United States Supreme Court because "[a]ll creditors and parties-in-interest have been provided with notice and afforded an opportunity to object, and no party will be prejudiced by waiver of the applicable stays." Dckt. 165 at 8:10–12.

The asserted grounds, in and of themselves, do not demonstrate any unusual circumstances that necessitate the court overruling what the Supreme Court has established. As the court has addressed in the related motion for sale of property, that sufficient grounds do exist.

Adequate grounds exist for the court to waive the fourteen-day stay of enforcement required under Federal Rule of Bankruptcy Procedure 6004(h), and this part of the requested relief is granted.

**Counsel for Debtor in Possession shall prepare and lodge with the court an order consistent with this ruling and the terms stated in the order form posted with the tentative ruling by the court.**

**ORDER TO BE PREPARED BY: Counsel for Debtor**